UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

GLOW TOKEN, LLC,

    PLAINTIFF,

VS.

FORIS DAX, INC., D/B/A CRYPTO.COM,

    DEFENDANT.

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, GLOW TOKEN, LLC, by and through the undersigned counsel, and hereby sues the Defendant, FORIS DAX, INC., D/B/A CRYPTO.COM, and alleges as follows:

JURISDICTION AND VENUE

1. Jurisdiction is found upon diversity of citizenship under 28 U.S.C. § 1332 (a)(1) and (2). Plaintiff is a limited liability company with its principal place of business and headquarters in Covington, Georgia and Defendant is a foreign profit corporation organized under the laws of the State of Florida with their principal place of business and headquarters in Miami, Florida.

2. Venue is appropriate in the Southern District of Florida under 28 U.S.C. § 1391 (a)(2).

3. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## PARTIES

4. Plaintiff, GLOW TOKEN, LLC, is a limited liability company organized under the laws of the State of Georgia. Its principal place of business is located at 65 River View Dr., Covington, GA 30014.

5. Defendant, FORIS DAX, INC. D/B/A Crypto.com, is a foreign for-profit corporation organized under the laws of the State of Florida. Its principal place of business is located at 1111 Brickell Avenue, Sabadell Financial Center Building, Suite 2725, Miam, Florida 33131.

6. At all times material hereto the name of "Crypto.com" was used by the Defendant to conduct business and describe their cryptocurrency exchange website and/or program.

## FACTS

7. Plaintiff, GLOW TOKEN, LLC, is a multi-faceted laser focused team that desires to educate the community regarding the positive impacts of Decentralized Finance (DeFi) and took a position early in the cryptocurrency climate of opposition to "bad actors" in the cryptocurrency space.

8. Plaintiff created a unique cryptocurrency token with a focus on charity and giving back to the community and developed a robust community of like-minded individuals and investors who supported them whole-heartedly.

9. Prior to the facts alleged in this Complaint, Plaintiff had an upstanding reputation with the cryptocurrency community and was an up-and-coming leader with a focus on giving back proceeds on their pre-existing token trades to 501c non-profits.

10. Prior to the facts alleged in this Complaint, Plaintiff was poised to become a positive, industry-leader in the community of cryptocurrency trading.

11. Defendant's systems have been "hacked" or compromised in the past.

12. Defendant continues to indicate to parties interested in listing tokens that their website platform is secure and has security certifications.

13. Defendant continues to indicate to parties interested in listing tokens that their website platform is "trusted by millions worldwide."

14. On or about the date of February 11, 2023, Plaintiff applied with Defendant via their website at https://crypto.com/us/listing to list their Cryptocurrency token, GlowToken with token symbol "FLARE" ("FLARE")) on Defendant's cryptocurrency exchange.

15. Within the week, Defendant responded to Plaintiff's application via their verified email correspondence account of contact@crypto.com with a lengthy list of requests that Plaintiff was required to fulfill to proceed to the next step in being listed on Crypto.com's exchange.

16. Plaintiff was requested directly by Defendant's verified email correspondence account of contact@crypto.com to correspond with listing agent, "Sharon," a Defendant's employee (handle: @sharoncro), via the Telegram application (a messenger application).

17. Plaintiff promptly performed due diligence and reached out directly to Crypto.com via their website chatting feature and was connected with employee "Armin."

18. Plaintiff verified listing agent, "Sharon," was an employee of Crypto.com and was authorized to finalize the listing agreement between Plaintiff and Defendant with employee "Armin."

19. Additionally, it should be noted that listing agent, "Sharon," had a blue verified checkmark to indicate that messaging platform Telegram verified her identity.

20. Upon confirmation that listing agent, "Sharon," was an employee of Crypto.com, Plaintiff obliged Defendant's requests by providing all requested details to secure a listing agreement with Defendant.

21. On or about the date of February 23, 2023, Plaintiff and Defendant entered into a listing agreement, attached and incorporated hereto as **Exhibit A**.

22. In exchange for two-hundred-thousand US Dollars ($200,000.00) as a security deposit, Defendant was to list Plaintiff's cryptocurrency token, FLARE, on its exchange by April 1, 2023.

23. On or about the date of March 13, 2023, Plaintiff and Defendant entered into a subsequent listing agreement, attached and incorporated hereto as **Exhibit B.**

24. In exchange for an additional fifty-thousand US Dollars ($50,000.00) as a security deposit, Defendant was to list Plaintiff's cryptocurrency token, FLARE, on its exchange by April 1, 2023 and was to provide a social media announcement regarding the listing on all its social media platforms on March 15, 2023.

25. Plaintiff subsequently sent five payments in the amount of five-thousand US Dollars ($5,000.00), forty-five thousand US Dollars ($45,000.00), one-hundred-thousand US Dollars ($100,000.00), eighty-thousand US Dollars ($80,000.00), and twenty-thousand US Dollars ($20,000.00) for a total payment in the amount of two-hundred-and-fifty-thousand US Dollars ($250,000.00.)

26. Plaintiff additionally sent 1 BTC (Bitcoin) approximately valued at the time of transfer at twenty-three-thousand US Dollars ($23,000.00) to Defendant to utilize for listing purposes.

27. As of the date of this filing, Defendant has not listed Plaintiff's cryptocurrency token, FLARE, via their cryptocurrency exchange site nor has it returned the money to Plaintiff.

28. On March 20, 2023, Plaintiff received correspondence from Defendant advising Plaintiff was "defrauded by a malicious third party" and that Plaintiff should "refrain from making any references publicly that its cryptocurrency token would be listed" on the Defendant's cryptocurrency exchange site.

29. Plaintiff is unable to reconcile at this time why Defendant, prior to the above referenced letter, represented directly to them that all interactions and transactions were made with Defendant's verified team members.

30. After the above referenced facts in the Complaint, Plaintiff consulted the online correspondence they had with Defendant's representatives through their online platform and was astonished to find all correspondence was deleted.

31. Thankfully, Plaintiff still possesses a copy via screenshots of all correspondence between Plaintiff and Defendant via the Defendant's online platform.

32. To date, Plaintiff has not seen evidence that indicates said "third party malicious" bad actors were not in fact representatives or core members of Defendant's company themselves.

33. Immediately following the facts previously alleged, Plaintiff has suffered physical symptomology and diagnoses from a medical professional, including but not limited to

reflux caused by stress, stomach pain, chest pain, inability to eat, chest pressure, insomnia, hiccup spells, difficulty breathing, vomiting, choking, and rapid weight loss from 288 to 253 pounds in a brief period of time.

34. Plaintiff continues to experience the above referenced physical symptomology and prior to the facts alleged in the Complaint did not experience them.

## COUNT I – BREACH OF CONTRACT

35. Plaintiff incorporates the previously stated paragraphs 1-34 herein.

36. Plaintiff contracted with Defendant for the listing of their cryptocurrency token, FLARE, in exchange for the consideration of the previously referenced security deposits.

37. Plaintiff contracted with Defendant for the social media announcement of the listing of their cryptocurrency token, FLARE, on Defendant's cryptocurrency exchange for the consideration of the previously referenced security deposits.

38. Defendant breached the previously referenced contracts entered into with Plaintiff when they did not list Plaintiff's cryptocurrency token, FLARE, on their cryptocurrency exchange.

39. Defendant breached the previously referenced contracts entered into with Plaintiff when they did not make the previously referenced social media announcements regarding the listing of FLARE on their cryptocurrency exchange.

WHEREFORE, Plaintiff prays that a judgement be entered against the Defendant for (a) damages, plus interest, fees, and costs, and (b) for such other relief as the Court deems just and proper.

## COUNT II – CONVERSION

40. Plaintiff incorporates the previously stated paragraphs 1-34 herein.

41. Defendant's wrongful holdover of Plaintiff's security deposit in the collective amount of two-hundred-and-fifty thousand US Dollars ($250,000.00) was an unauthorized act.

42. By engaging in this taking, Defendant has deprived Plaintiff of this amount in permanency.

43. Defendant's deprivation of Plaintiff's above referenced monetary funds are inconsistent with Plaintiff's asserted ownership interest in the above referenced monetary funds.

WHEREFORE, Plaintiff prays that a judgement be entered against the Defendant for (a) damages, plus interest, fees, and costs, and (b) for such other relief as the Court deems just and proper.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

44. Plaintiff incorporates the previously stated paragraphs 1-34 herein.

45. As a result of Defendant's acts and omissions thereof, Plaintiff suffered a discernible physical injury, including but not limited to the following symptomology and diagnoses by a medical professional: Reflux caused by stress, stomach pain, chest pain, inability to eat, chest pressure, insomnia, hiccup spells, difficulty breathing, vomiting, choking, and rapid weight loss from 288 to 253 pounds in a brief period of time.

46. The above referenced physical symptomology and diagnoses by a medical professional were caused by the intense psychological trauma and stress Plaintiff suffered at the hands of the Defendant and its agents.

47. The above referenced physical symptomology and diagnoses by a medical professional were caused by Defendant's negligent acts and omissions thereof to Plaintiff.

WHEREFORE, Plaintiff prays that a judgement be entered against the Defendant for (a) damages, plus interest, fees, and costs, and (b) for such other relief as the Court deems just and proper.

## COUNT IV – FRAUDULENT INDUCEMENT

48. Plaintiff incorporates the previously stated paragraphs 1-34 herein.

49. Defendant made false statements regarding a material fact of the Agreement entered into between Plaintiff and Defendant, including that listing agent, "Sharon," was an employee of the Company and that in exchange for the previously referenced monetary sum of two-hundred-and-fifty-thousand US Dollars ($250,000.00) that Defendant would provide a social media announcement regarding the listing of Plaintiff's cryptocurrency token, FLARE, and subsequently list said token on their cryptocurrency exchange.

50. Defendant should have known the above referenced representations were false.

51. Defendant intended that the above referenced representations would induce Plaintiff to act upon them.

52. Plaintiff justifiably relied upon these false statements as Defendant held themselves out to the general public to be a secure platform, possessing security certifications and "trusted by millions worldwide."

53. Plaintiff suffered damages in justifiable reliance upon the above referenced representations.

WHEREFORE, Plaintiff prays that a judgement be entered against the Defendant for (a) damages, plus interest, fees, and costs, and (b) for such other relief as the Court deems just and proper.

## COUNT V – NEGLIGENT MISREPRESENTATION

54. Plaintiff incorporates the previously stated paragraphs 1-34 herein.

55. Defendant made false statements regarding a material fact of the Agreement entered into between Plaintiff and Defendant, including that listing agent, "Sharon," was an employee of the Company and that in exchange for the previously referenced monetary sum of two-hundred-and-fifty-thousand US Dollars ($250,000.00) that Defendant would provide a social media announcement regarding the listing of Plaintiff's cryptocurrency token, FLARE, and subsequently list said token on their cryptocurrency exchange.

56. Defendant knew or should have known that the above referenced representations were false.

57. Defendant intended that the above referenced representations would induce Plaintiff to act upon them.

58. Plaintiff justifiably relied upon these negligent misrepresentations as Defendant held themselves out to the general public to be a secure platform, possessing security certifications and "trusted by millions worldwide."

59. Plaintiff suffered damages in justifiable reliance on the above referenced representations.

WHEREFORE, Plaintiff prays that a judgement be entered against the Defendant for (a) damages, plus interest, fees, and costs, and (b) for such other relief as the Court deems just and proper.

## COUNT VI – NEGLIGENCE

60. Plaintiff incorporates the previously stated paragraphs 1-34 herein.

61. Defendant owed a duty to the general public to safeguard their financial platforms and internal communications systems.

62. Defendant has a previous record or history of being hacked. Please see general news available online and any reliable news source.

63. Defendant's promulgates secure transactions on their platform to the general public, yet there clear lack of security protocols provides clear foreseeability of the harm that befell Plaintiff.

64. Defendant's lack of security protocols, post being hacked on numerous occasions, indicates they are operating their business in a reckless manner, without regard to the safety of the funds of their investors and token listers, who they are directly soliciting for services by promulgating the idea that their platform is safe and secure.

65. Even more so, Defendant owed a duty to Plaintiff as they were operating in a cryptocurrency exchange to partner relationship.

66. Defendant had a duty to safeguard their platform and communications systems to ensure partners, traders and investors were provided with a secure and digital space to conduct transactions.

67. Defendant breached said duty when it allowed its platform to become compromised and "third party malicious" bad actors were allowed to conduct business with the Defendant's identity.

68. It remains to be seen if said "third party malicious" bad actors were not in fact representatives or core members of the Defendant's company.

69. Additionally, Defendant breached said duty when it allowed its internal email servers to become compromised by previously referenced bad actors.

70. As a result of the negligent maintenance of Defendant's platform and communications systems, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays that a judgement be entered against the Defendant for (a) damages, plus interest, fees, and costs, and (b) for such other relief as the Court deems just and proper.

## COUNT VII – VICARIOUS LIABILITY

71. Plaintiff incorporates the previously stated paragraphs 1-34 herein.

72. Defendant owed a duty to the general public to safeguard their financial platforms and internal communications systems.

73. Even more so, Defendant owed a duty to Plaintiff as they were operating in a cryptocurrency exchange to partner relationship.

74. Defendant had a duty to safeguard their platform and communications systems to ensure partners, traders and investors were provided with a secure and digital space to conduct transactions.

75. Defendant breached said duty when it allowed its own employees and/or agents, acting in the course and scope of their employment to defraud and/or steal from Plaintiff under the guise of Defendant's identity as a secure and reputable space to conduct said transactions.

76. Additionally, Defendant breached said duty when it allowed its internal email servers to become compromised by previously referenced employees and/or agents, acting in the course and scope of their employment with Defendant.

77. As a result of the negligent management of Defendant's employees and/or agents, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays that a judgement be entered against the Defendant for (a) damages, plus interest, fees, and costs, and (b) for such other relief as the Court deems just and proper.

## COUNT VIII – UNJUST ENRICHMENT

78. Plaintiff incorporates the previously stated paragraphs 1-34 herein.

79. Plaintiff conferred the benefit in the sum of two-hundred-and-fifty-thousand US Dollars ($250,000.00) to Defendant, who had the requisite knowledge thereof.

80. Defendant voluntarily accepted the monetary payment and the benefit it conferred.

81. Defendant's failure to list Plaintiff's cryptocurrency token, FLARE, renders Defendant's retention of the above referenced benefit grossly inequitable unless Defendant gives Plaintiff the value of the above referenced benefit.

82. Defendant's failure to issue a social media announcement regarding Plaintiff's cryptocurrency token, FLARE, renders Defendant's retention of the above referenced

benefit grossly inequitable unless Defendant gives Plaintiff the value of the above referenced benefit.

WHEREFORE, Plaintiff prays that a judgement be entered against the Defendant for (a) damages, plus interest, fees, and costs, and (b) for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable under the law.

Respectfully submitted,

Cassandra D. Jude, Esq.
RONDESSE LEGAL, PLLC
*ATTORNEY FOR PLAINTIFF*
1980 Festival Plaza Drive 300
Las Vegas, NV 89135
(239) 933-1838
Primary Email: cassandra.j@rondesselegal.com
Secondary Email: justice@rondesselegal.com

By: /s/ Cassandra D. Jude, Esq.
    Cassandra D. Jude, Esq.
    Florida Bar No. 1032253