**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:23-cv-23029-KMM**

GLOW TOKEN, LLC

    *Plaintiff,*

v.

FORIS DAX, INC. d/b/a CRYPTO.COM
    *Defendant.*
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Foris DAX, Inc. d/b/a Crypto.com ("Crypto.com") submits its Answer and Affirmative Defenses to the Complaint filed by Glow Token, LLC ("Plaintiff" or "Glow Token").

### JURISDICTION AND VENUE

1. Denied as phrased. Crypto.com states that it is a Delaware corporation with its principal place of business at the listed address in Miami-Dade County, Florida. Crypto.com is without knowledge as to the allegations pertaining to Plaintiff, and therefore denies same.

2. Admitted.

3. Crypto.com admits that Plaintiff purports to state a claim for damages in excess of $75,000.00, but denies any liability and further denies that Plaintiff is entitled to recover any damages.

### PARTIES

4. Crypto.com is without knowledge as to Glow Token's corporate structure and therefore denies that allegation in Paragraph 4.

5. Denied as phrased. Crypto.com states that it is a Delaware corporation with its principal place of business at the listed address in Miami-Dade County, Florida.

6. Admitted.

## FACTS

7. Crypto.com is without knowledge as to the allegations in Paragraph 7 and therefore denies same.

8. Crypto.com is without knowledge as to the allegations in Paragraph 8 and therefore denies same.

9. Crypto.com is without knowledge as to the allegations in Paragraph 9 and therefore denies same.

10. Crypto.com is without knowledge as to the allegations in Paragraph 10 and therefore denies same.

11. Denied as phrased.

12. Denied as phrased.

13. Denied as phrased.

14. Denied as phrased.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Crypto.com is without knowledge as to the allegations of Paragraph 19 and therefore denies same.

20. Denied.

21. Denied. The purported agreement attached as Exhibit A to the Complaint is a fraudulent document that was not prepared by or entered into by Crypto.com.

22. Denied. The purported agreement attached as Exhibit A to the Complaint is a fraudulent document that was not prepared by or entered into by Crypto.com. Crypto.com never agreed to list the referenced token nor received two-hundred-thousand US Dollars ($200,000.00) as a security deposit from Plaintiff.

23. Denied. The purported agreement attached as Exhibit B to the Complaint is a fraudulent document that was not prepared by or entered into by Crypto.com.

24. Denied. The purported agreement attached as Exhibit B to the Complaint is a fraudulent document that was not prepared by or entered into by Crypto.com. Crypto.com never agreed to list the referenced token nor to provide a social media announcement in any related context.

25. Crypto.com is without knowledge as to the allegations in Paragraph 25 and therefore denies same. Crypto.com denies that it received any of the referenced payments.

26. Crypto.com is without knowledge as to the allegations in Paragraph 26 and therefore denies same. Crypto.com denies that it received the referenced transfer from Plaintiff.

27. Admitted that Crypto.com has not listed Plaintiff's cryptocurrency token. With respect to the allegation that Crypto.com has not "returned the money to Plaintiff," Crypto.com states that it never received the alleged payments from Plaintiff.

28. Admitted.

29. Crypto.com is without knowledge as to the allegations in Paragraph 29 and therefore denies same.

30. Crypto.com is without knowledge as to the allegations in Paragraph 30 and therefore denies same.

31. Crypto.com is without knowledge as to the allegations in Paragraph 31 and

therefore denies same.

32. Crypto.com is without knowledge as to the allegations in Paragraph 32 and therefore denies same.

33. Crypto.com is without knowledge as to the allegations in Paragraph 33 and therefore denies same.

34. Crypto.com is without knowledge as to the allegations in Paragraph 34 and therefore denies same.

## COUNT I – BREACH OF CONTRACT

35. Crypto.com repeats its responses to Paragraphs 1-34.

36. Denied. The listing agreements attached to the Complaint are fraudulent documents that were never entered into by Crypto.com. Crypto.com did not enter into any contracts with Plaintiff.

37. Denied. The listing agreements attached to the Complaint are fraudulent documents that were never entered into by Crypto.com. Crypto.com did not enter into any contracts with Plaintiff.

38. Denied. The listing agreements attached to the Complaint are fraudulent documents that were never entered into by Crypto.com. Crypto.com did not enter into any contracts with Plaintiff.

39. Denied. The listing agreements attached to the Complaint are fraudulent documents that were never entered into by Crypto.com. Crypto.com did not enter into any contracts with Plaintiff.

## COUNT II – CONVERSION

40. Crypto.com repeats its responses to Paragraphs 1-34.

41. Denied. Crypto.com never received the alleged payments and has not withheld any funds belonging to Plaintiff.

42. Denied. Crypto.com never received the alleged payments and has not withheld any funds belonging to Plaintiff.

43. Denied. Crypto.com never received the alleged payments and has not withheld any funds belonging to Plaintiff.

### COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

44. Crypto.com repeats its responses to Paragraphs 1-34.

45. Denied.

46. Denied.

47. Denied.

### COUNT IV – FRAUDULENT INDUCEMENT

48. Crypto.com repeats its responses to Paragraphs 1-34.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

### COUNT V – NEGLIGENT MISREPRESENTATION

54. Crypto.com repeats its responses to Paragraphs 1-34.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT VI – NEGLIGENCE

60. Crypto.com repeats its responses to Paragraphs 1-34.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied as phrased.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## COUNT VII – VICARIOUS LIABILITY

71. Crypto.com repeats its responses to Paragraphs 1-34.

72. Denied.

73. Denied.

74. Denied as phrased.

75. Denied.

76. Denied.

77. Denied.

## COUNT VIII – UNJUST ENRICHMENT

78. Crypto.com repeats its responses to Paragraphs 1-34.

79. Denied. Crypto.com never received the alleged payments and has not possessed or withheld any funds belonging to Plaintiff.

80. Denied. Crypto.com never received the alleged payments and has not possessed or withheld any funds belonging to Plaintiff.

81. Denied. Crypto.com never received the alleged payments and has not possessed or withheld any funds belonging to Plaintiff.

82. Denied. Crypto.com never received the alleged payments and has not possessed or withheld any funds belonging to Plaintiff.

## AFFIRMATIVE DEFENSES

The following defenses are based on Crypto.com's knowledge, information, and belief at this time. Crypto.com specifically reserves the right to assert additional affirmative or other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts in the Complaint, Crypto.com asserts and alleges the following affirmative defenses. By setting forth these defenses, Crypto.com does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Furthermore, all defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

1. **No Agreement.** Plaintiff alleges that Crypto.com breached the agreements attached as exhibits to the Complaint. Crypto.com never entered into those agreements, which appear to be fraudulent documents prepared and entered into by a third party impersonating Crypto.com. Crypto.com never entered into any agreements with Plaintiff, and never agreed to list the

referenced token. In addition, the purported agreements were entered into by a different entity than Foris DAX, Inc. d/b/a Crypto.com.

2. **No Funds Received.** Plaintiff's claims fail because Plaintiff did not send funds to Crypto.com, and Crypto.com did not receive funds from Plaintiff. It appears that Plaintiff sent funds to a fraudulent actor posing as Crypto.com. Because Crypto.com never received the funds and never agreed to list the referenced token, Plaintiff's claims are without merit.

3. **A Corporate Entity Cannot Suffer Physical Harm.** Plaintiff's emotional distress claim (Count III) fails because a corporate entity cannot suffer emotional distress or physical harm. *See, e.g., Nicor Int'l Corp. v. El Paso Corp.*, 292 F. Supp. 2d 1357, 1378 (S.D. Fla. 2003) (holding that corporate plaintiff's claim based on emotional distress was fatally flawed "because a corporation is incapable of suffering any emotional distress"); *Jesal Corp. v. Main St. Bank*, 2009 WL 10711976, at *11 (N.D. Ga. Jan. 27, 2009) (holding that a business entity cannot "suffer emotional distress, much less recover damages for such an injury").

4. **No Intent to Defraud.** Plaintiff's claim for fraudulent inducement fails because Crypto.com was not associated with the apparent third party fraudulent actor, received none of the referenced funds from Plaintiff, did not offer to or agree to list Plaintiff's token, and therefore cannot be liable for fraudulent inducement.

5. **No Duty As Alleged.** Plaintiff's claims for negligence and vicarious liability fail because Plaintiff has not identified a recognizable duty that was breached by Crypto.com.

6. **Scope of Employment.** Plaintiff's claim for vicarious liability fails because Crypto.com is not the party and did not employ the party to Plaintiff's alleged contracts, nor did Crypto.com receive any of the purported benefits or payments provided by Plaintiff. Any fraud or criminal act committed against Glow Token was committed by some person, corporation, or entity

other than Defendant Crypto.com, and no fraudulent act was committed by any Crypto.com employee operating within the scope of his or her employment. *See Goss v. Hum. Servs. Assocs., Inc.*, 79 So. 3d 127, 132 (Fla. 5th DCA 2012) ("The general rule is that an employer cannot be held liable for the tortious or criminal acts of an employee, unless they were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer.").

7. **Failure to Mitigate Damages / Set-Off.** Plaintiff's claims are barred and/or limited based on its failure to mitigate its damages. Plaintiff appears to have been defrauded by a third party, who is responsible for the alleged losses. To the extent Plaintiff recovers the allegedly missing funds from any third party, Plaintiff should be subject to a set-off.

8. **Waiver and Estoppel.** To the extent applicable, Plaintiff's claims are barred based on waiver and estoppel.

9. **Improper Party.** If Plaintiff suffered injuries as alleged in the Complaint, such injuries resulted from the negligence of some person, corporation, or entity other than Defendant Crypto.com.

10. **No Proximate Cause.** Crypto.com did not proximately cause any damage, injury, or violation alleged in the Complaint.

Dated:  September 15, 2023                    Respectfully submitted,

*/s/  Charles Throckmorton*

Charles Throckmorton (FBN 101203)
Email: cthrockmorton@carltonfields.com
Holli Credit (FBN 1039176)
Email: hcredit@carltonfields.com
CARLTON FIELDS, P.A.
700 NW 1st Ave., Suite 1200
Miami, FL, 33136
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055
*Attorneys for Defendant Foris DAX, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which caused a copy to be served upon all counsel of record.

*/s/  Charles Throckmorton*